IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CHARLES E. COOK,** | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 3:09-0649 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Bryant |
| **JOHN McHUGH**[1], **Acting Secretary of the** | ) JURY DEMAND |
| **United States Department of the Army,** | ) ) |
| Defendant. | ) ) |

# ORDER

Pending before the Court is Plaintiff Charles E. Cook's ("Plaintiff") Motion to Consolidate Cases 3:09-cv-00649 and 3:10-cv-00643 ("Plaintiff's Motion") (Doc. No. 29). Defendant John McHugh, Acting Secretary of the United States Department of the Army ("Defendant"), has responded to this Motion (Doc. No. 30), noting that a pending dispositive motion in the former case has been fully briefed, and that service in the latter case has not been perfected on the Defendant. The Court notes that there are currently pending dispositive motions in each case. While the cases contain common questions of law and fact, the Court is not persuaded that consolidating these cases best serves the interests of expedience and judicial economy, given the pending dispositive motions in each case. Accordingly, Plaintiff's Motion is **DENIED**.

Also pending before the Court is Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment ("Defendant's Motion") (Doc. No. 14) with supporting Memorandum (Doc. No. 15) and Statement of Facts (Doc. No. 16). Plaintiff filed a Response in Opposition (Doc.

---

[1] John McHugh has succeeded Pete Geren as Acting Secretary of the United States Army. Therefore, he is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d)(1).

No. 21), a Response to the Statement of Undisputed Facts (Doc. No. 22), and an Exhibit (Doc. No. 22-1). Defendant filed a Reply (Doc. No. 23-1). The Court subsequently ordered Defendant's Motion converted to a Motion for Summary Judgment and ordered additional briefing (Doc. No. 26), also allowing Plaintiff to file an Affidavit (Doc. No. 24-1). Defendant subsequently filed two more Replies (Doc. Nos. 27 & 28).

For the reasons stated herein, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

**I.  BACKGROUND**

   *A.  Factual Background[2]*

Charles E. Cook ("Plaintiff") is a white male who is employed as a Flight Simulator Training Instructor for the United States Army ("Defendant"), a GS-11 position. During the relevant time period, Plaintiff also held a voluntary collateral duty as an Equal Employment Opportunity ("EEO") Counselor. Plaintiff has previous Title VII-protected activity, consisting of formal and informal EEO discrimination complaints and assisting others with equal employment matters through his duties as an EEO counselor.

In 2007, Defendant posted an employment advertisement for the position of EEO Specialist in the Fort Campbell, Kentucky EEO Office. The posting opened on November 23, 2007 and closed on November 30, 2007. Plaintiff submitted an application for the EEO Specialist position during the appropriate time period. Gregory Stallworth, the Fort Campbell EEO Officer, was the selecting official for the EEO Specialist position. Mr. Stallworth was aware of Plaintiff's prior EEO activity.

---

[2] Unless otherwise noted, facts in this section are taken from Plaintiff's Response to Defendant's Statement of Facts (Doc. No. 22).

Mr. Stallworth made his selection for the EEO Specialist position from a referral list of qualified candidates and did not conduct interviews. Ultimately, he selected Ms. Pamela Allen, an African-American female with whom he had previously worked. Mr. Stallworth also selected Mr. Howard Kindell, a white male, as a first alternate in the event that Ms. Allen did not accept the position. Ms. Allen and Mr. Kindell were both referred as Veterans Recruitment Appointment (VRA) ten-point compensable veterans, under the heading "VRA-10 PT Comp VET" on the referral list, as were two other individuals. Ms. Allen is a thirty-percent compensatory rated veteran. Plaintiff was listed on the referral list under the "Reassignment" heading and not as a VRA ten-point compensable veteran.[3] Mr. Stallworth stated that he made the selection for the EEO Specialist position from among the four candidates listed under "VRA-10 PT Comp VET" in support of Fort Campbell's Disabled Veterans Affirmative Action Plan (DVAAP).

Plaintiff filed a complaint on July 7, 2008 with the U.S. Army Equal Employment Opportunity Compliance and Complaints Review in Arlington, Virginia. The complaint was forwarded for processing to the Southeast Region EEO Office. Plaintiff's complaint alleged that his non-selection was discrimination based on his sex, race, color, and/or reprisal for prior protected Title VII activity. This allegation was accepted for investigation. Plaintiff's complaint also claims that Mr. Stallworth and his staff discriminated against him on the bases of his sex, race, color, and/or reprisal for prior protected Title VII activity by interfering in the processing of his EEO complaints. The Southeast Region EEO Office dismissed this claim.

The Department of Defense Investigations and Resolutions Division conducted an investigation on Plaintiff's non-selection claim from October 30 to November 17, 2008. Plaintiff claimed that he should have been selected for the position at issue because he has superior

---

[3] Plaintiff has disputed this fact. This issue will be addressed below.

qualifications to Ms. Allen. Plaintiff also alleged that race and color were factors in the selection process, because the Fort Campbell EEO Office has historically been composed of African Americans. In response, Mr. Stallworth attested that he never compared Plaintiff's qualifications against those of Ms. Allen because Plaintiff was not listed under "VRA-10 PT Comp VET" on the referral list. At Plaintiff's request, a Final Agency Decision was issued on April 16, 2009 based upon the evidence of record and without a hearing, finding that Plaintiff could not sustain his claims of discrimination and retaliation.

  B.  *Procedural Background*

On July 16, 2009, Plaintiff filed a complaint in the Middle District of Tennessee, alleging that Defendant violated the Civil Rights Act of 1991, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* and the common law of the State of Tennessee. (Doc. No. 1.) Plaintiff alleges that Defendant discriminated against him on the basis of his race and gender when Defendant failed to hire him for an Equal Employment Opportunity Specialist position. (*Id.*) Plaintiff further alleges that his non-selection was retaliation for his past discrimination complaints. (*Id.*)

On November 20, 2009, Defendant filed a Motion to Dismiss, or Alternatively, for Summary Judgment (Doc. No. 14), a Memorandum in Support of the Motion (Doc. No. 15), and a Statement of Facts (Doc. No. 16). Defendant moved for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or alternatively, for summary judgment under Rule 56. (Doc. No. 14.) Plaintiff filed a Response in Opposition to Defendant's Motion (Doc. No. 21) and a Response to Defendant's Statement of Facts (Doc. No. 22) on February 15, 2010. On March 1, 2010, Defendant filed a Motion for Leave to File Reply Memorandum pursuant to Local Rule 7.01(b). (Doc. No. 23.) Plaintiff has since conceded his state law and punitive damages claims

(Doc. No. 21 at 1; Doc. No. 26 at 2.) On July 19, 2010, The Court converted Defendant's Motion to a Motion for Summary Judgment and ordered the parties to submit any additional briefing. (Doc. No. 26.) The Court also allowed Plaintiff to file his Affidavit (Doc. No. 24-1).

A pretrial conference in this case is scheduled for January 28, 2011, at 10:00 a.m. A jury trial is currently scheduled for February 8, 2011, at 9:00 a.m.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts, and reasonable inferences to be drawn from those facts, must be viewed in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In order to succeed, the moving party must show that there is an absence of evidence to support the non-moving party's case and that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 233 (6th Cir. 1996). A movant for summary judgment makes a sufficient showing by informing the court of the basis of its motion and by identifying the portions of the record that reveal that there are no genuine material fact disputes to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-moving party must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine dispute of material fact for trial. *See id.* The non-moving party may not rely solely on conclusory allegations in the pleadings to defeat a motion for summary judgment, but must come forward

with affirmative evidence that establishes its claims and raises genuine issues of material fact. *Id.* at 324. "[I]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment will be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, if the evidence offered by the non-moving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the non-moving party, the motion for summary judgment should be granted. *Id.* at 249.

## III. ANALYSIS

Plaintiff claims that Defendant discriminated against him by failing to select him for the position for which he applied, based on his sex, race, color, and/or reprisal for prior protected Title VII activity, in violation of Title VII. Plaintiff also claims that he was the victim of discrimination on the bases of sex, race, color, and/or reprisal for prior protected Title VII activity when Mr. Stallworth and others personally interfered in the processing of Plaintiff's EEO complaints.

*A. Discrimination*

In order to prove a case of sex or race discrimination in employment under Title VII, a plaintiff may present direct evidence of that discrimination, or may use circumstantial evidence to prove his case within the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under this latter approach, a plaintiff must establish a prima facie claim by showing that: 1) he is a member of a protected group; 2) he was subject to an adverse employment decision; 3) he was qualified for the position; and 4) he was replaced by a person outside the protected class, or he was treated differently from similarly-situated non-protected employees. *Russell v. Univ. of Toledo*, 537

F.3d 596, 604 (6th Cir. 2008). Where a plaintiff is not a member of a protected group (*i.e.*, when a non-minority plaintiff alleges "reverse discrimination"), the plaintiff must prove "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Arendale v. City of Memphis*, 513 F.3d 587, 603 (6th Cir. 2008). If the plaintiff establishes a prima facie claim, this "creates a rebuttable presumption, and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for taking the challenged employment action. If the defendant satisfies this burden, the plaintiff must then prove that the proffered reason was actually a pretext to hide unlawful discrimination." *Id.* (citing *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001) (internal citations omitted)).

Defendant does not appear to contest that Plaintiff has raised enough evidence to support a showing of the first three factors. While Plaintiff is not a member of a protected class, he has alleged that the Fort Campbell EEO Office "has historically been composed of African Americans" and "continues to show a bias against Caucasion [sic] males," per *Arendale*. (Doc. No. 21 at 1-2.) Plaintiff was not selected for the position for which he applied, and Defendant does not argue that he was unqualified for the position. Defendant's argument that Plaintiff has failed to make out a prima facie case of discrimination in non-selection rests on the proposition that he was not similarly situated to the selectee in all the relevant respects. Specifically, Defendant claims that Ms. Allen, the selectee, was at the time of her selection and remains a ten-point preference-eligible veteran (as was Mr. Kindell, the alternate). In contrast, Defendant argues, Plaintiff did not apply for the vacant position under the veteran preference program, and notes that even if he had, he was only a five-point veteran, which entitles him to less preference in hiring than that for ten-point veterans. (Doc. No. 15-2 at Block 23.) Defendant also argues

that even if Plaintiff has made out a prima facie case of discrimination, he has not proffered enough evidence to allow a reasonable jury to conclude that Defendant's stated reason for his non-selection—that he was not referred as a ten-point preference veteran, and thus was not considered—was pretextual.

In response, Plaintiff appears to argue that while he was a five-point, preference-eligible veteran, he was also a "10% Compensable Veteran and that status should have been indicated on the supplemental information on Plaintiff's resume. Plaintiff is a twenty-percent compensable veteran." (Doc. No. 22 at ¶ 7.) Plaintiff also appears to dispute that he did not apply to the position under a VRA eligibility, *id.* at ¶ 8. Plaintiff appears to claim that he should have been placed on the list of candidates qualified and referred as "VRA-10 PT Comp VET" from which Ms. Allen and Mr. Kindell were selected, *id.* at ¶ 19. In support of these propositions, Plaintiff cites his own Affidavit (the "Cook Affidavit" or "Affidavit") (Doc. No. 24-1) and a letter from the Department of Veterans Affairs, dated February 8, 2010 (Doc. No. 22-1).

The letter states that Plaintiff "is rated at 20% for a service-connected disability." (*Id.*) Defendant argues that this letter, however, constitutes inadmissible hearsay, which the Court cannot consider when ruling on a motion for summary judgment. (Doc. No. 27 at 6-11.) *See N. Am. Specialty Ins. Co. v. Meyers*, 111 F.3d 1273, 1283 (6th Cir. 1997). Nor is the letter sworn or certified, as required by Fed. R. Civ. P. 56(e)(1). Plaintiff has not responded to these arguments. Accordingly, the Court cannot consider the statement in the letter that Plaintiff is a twenty-percent compensable veteran for the truth of the matter asserted in ruling on Defendant's Motion, especially in light of the evidence elsewhere in the record that Plaintiff was merely a five-point preference-eligible veteran (*see* Doc. No. 15-2 at Block 23; Doc. No. 22 at ¶ 7).

In his Affidavit, Plaintiff states that he is a ten-point preference-eligible veteran and a

twenty-percent compensable veteran (Doc. No. 24-1 at ¶ 13), and that he should have been included on the referral list as a "VRA-10PT Comp Vet" (*Id.* at ¶ 15). The Court here notes that while Plaintiff states he should have been considered as a ten-point preference-eligible veteran at the time of the selection at issue in November of 2007, Plaintiff appears to have *applied* to become a ten-point preference-eligible veteran only on March 18, 2010, two-and-a-half years later. (Doc. No. 28-1.) Plaintiff has not put forth sufficient evidence to allow this Court to consider him to have been a ten-point preference-eligible veteran at the time of the selection.

Even considering other statements in the Cook Affidavit indulgently, the Court must agree with Defendant that the Affidavit does not put forth enough evidence to allow Plaintiff's claims of discrimination to survive summary judgment. The Court notes that the Affidavit is the only evidence (besides the letter described above) to support Plaintiff's Response in Opposition to Defendant's Motion. Despite claiming in his initial Response that summary judgment was premature because discovery was not yet closed, and this Court's granting of additional time to file supplemental briefing and evidence, Plaintiff has not filed any other exhibits in support of his claims. The Court is left with only the Affidavit to consider.

Defendant has argued extensively as to why this Court should disregard statements made in the Affidavit (Doc. No. 27), and Plaintiff has not responded (nor sought to respond) to these arguments. Affidavits that are used in support of or in opposition to a motion for summary judgment shall be made on personal knowledge; shall set forth such facts as would be admissible in evidence at the time of trial; and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). In order for inferences, thoughts, and opinions to be properly included in a Rule 56 affidavit, they must be premised on firsthand observations or personal experience, and established by specific facts. *Buchanan v. City of*

*Bolivar*, 99 F.3d 1352, 1355 n.2 (6th Cir. 1996); *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998). Again, even read indulgently, the Affidavit consists largely of Plaintiff's conclusory claims that Mr. Stallworth violated certain policies during the selection process, without any evidence cited to in order to support these propositions. The Affidavit does not anywhere point to affirmative evidence to show that Ms. Allen was similarly situated to Plaintiff in the relevant respects.

For instance, while Plaintiff states in the affidavit that, contrary to the earlier filings in this case and the evidence in the administrative record, he *did* apply as a ten-point, twenty-percent compensable veteran, this fact does not situate him similarly to Ms. Allen for two reasons. The first is that, given the information described above that indicates that Plaintiff was not a ten-point veteran until March 2010 at the earliest, he has not put forth sufficient evidence by merely stating that he was a ten-point veteran to allow a reasonable jury to find for him on this issue. *See Dotson v. U. S. Postal Serv.*, 977 F.2d 976, 978 (1992) ("A party cannot create a factual dispute by filing an affidavit, after a motion for summary judgment has been made, which contradicts earlier testimony."). The second is that, as Defendant notes (Doc. No. 27 at 23), even if Plaintiff applied as a ten-point twenty-percent compensable veteran (and therefore should have been included on the "VRA-10 PT Comp VET" referral list), federal regulations would still have required that Ms. Allen, as a ten-point, *thirty*-percent compensable veteran be appointed prior to a ten-point, twenty-percent compensable veteran, as Plaintiff claims he was. *See* 38 U.S.C. § 4214(b)(1)(C); 5 C.F.R. 302.304.

Plaintiff has not put forth sufficient evidence to raise a genuine issue of material fact indicating that he was similarly situated to Ms. Allen, which would allow him to make out a prima facie case of discrimination. Specifically, he has not put forth admissible evidence that he

was a ten-point preference-eligible veteran, included on the referral list, and a thirty-percent compensable veteran, as Ms. Allen was. Without the evidence to make such a showing, the Court cannot say that Plaintiff and Ms. Allen were similarly situated in all relevant aspects; nor has Plaintiff pointed to any other applicants not of his race or sex, similarly situated in all relevant aspects, who were treated differently. Accordingly, Plaintiff cannot make out a prima facie case of discrimination, and summary judgment for Defendant on this claim is **GRANTED**.

*B. Retaliation*

Plaintiff also claims that he was retaliated against by Defendant for prior protected Title VII activity. In order to make out a prima facie case for retaliation, a plaintiff must show: 1) he engaged in activity protected by Title VII; 2) the exercise of the plaintiff's civil rights was known by the defendant; 3) the defendant thereafter took an adverse employment action against the plaintiff; and 4) there was a causal connection between the protected activity and the adverse employment action. *Arendale*, 519 F.3d at 606.

The Court finds that Plaintiff has failed to produce sufficient evidence of a causal connection between any protected Title VII activity and his non-selection. In order to establish a causal connection, Plaintiff must produce enough evidence to create the inference that the adverse action would not have taken place if he had not engaged in the protected activities. *See Hill v. Airtran Airways, Inc.*, No. 3:08-cv-195, 2009 U.S. Dist. Lexis 51827, at *27 (S.D. Ohio June 19, 2009) (noting that to show causal connection "a plaintiff must produce sufficient evidence from which an inference could be drawn" that the adverse employment action would not have taken place if the plaintiff did not engage in the protected conduct). Plaintiff bears the burden of showing the protected activity motivated the adverse action. *Sowards v. Loudon County*, 203 F.3d 426, 433-34 (6th Cir. 2000) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394

(6th Cir. 1999) (en banc)). To survive Defendant's Motion for Summary Judgment, Plaintiff must allege facts sufficient to create a genuine issue regarding his claim that his earlier protected Title VII activity motivated his non-selection.

Plaintiff's exhibits and filings, even read indulgently, put forth no such evidence; nor do they make any argument detailing or even indicating how Plaintiff's alleged protected Title VII activity motivated Defendant's alleged retaliatory action of non-selection. Accordingly, the Court **GRANTS** summary judgment for Defendant on Plaintiff's claim of retaliation.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED**.

It is so ORDERED.

Entered this the 27th day of January, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT